IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER CLIFFORD BECK,<br>TDCJ #1339487, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2963 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice – Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Walter Clifford Beck, is a state inmate incarcerated in the Texas

Department of Criminal Justice - Correctional Institutions Division (collectively,

"TDCJ").  Beck has filed a petition for a federal writ of habeas corpus under 28

U.S.C. § 2254 to challenge a state court criminal conviction.  The threshold issue is

whether this federal petition is subject to dismissal as time-barred under 28 U.S.C.

§ 2244(d)(1).  On March 18, 2009, this court ordered Beck to file a written submission

by April 18, 2009, showing why this case should not be dismissed as time-barred.  In

response, Beck filed a "Response to Courts Order," (Docket Entry No. 7), arguing

that his petition is not time-barred.  Based on a review of the record and the Response,

the court finds that Beck's petition is barred by limitations and must be dismissed. The reasons are set out below.

## I.   __BACKGROUND__

Beck was convicted of aggravated robbery in the 185th Judicial District Court of Harris County, Texas, on November 21, 2005 (Cause Number 1017950), and was sentenced to a term of sixty-five years in prison.  The First Court of Appeals of Texas affirmed Beck's conviction on March 3, 2007.  On April 9, 2007, Beck filed a motion for extension of time to file a petition for discretionary review ("PDR").  The motion was granted by the Texas Court of Criminal Appeals and the PDR was ordered due on or before June 15, 2007.  Beck did not, however, file a PDR until June 18, 2007. The petition was refused by the Texas Court of Criminal Appeals on October 3, 2007. *See* Texas Judiciary Website, http://www.cca.courts.state.ts.us/opinions.

Beck filed an application for state habeas corpus relief on May 27, 2008, which was denied without written order by the Texas Court of Criminal Appeals on June 11, 2008.  (Docket Entry No. 1, p. 7).  On September 29, 2008, Beck filed the pending petition for a federal writ of habeas corpus under 28 U.S.C. § 2254.  On March 18, 2009, this court ordered Beck to show cause, if any, in writing why this Court should not dismiss this Application as time-barred under 28 U.S.C. § 2244(d).  In his response to the show cause order, Beck contends that this case is not time-barred

because the statute of limitations did not begin to run until ninety days after the Court of Criminal Appeals denied his PDR.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

Where a petitioner challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Fifth Circuit has observed that, although state law is relevant for a determination of how long a prisoner has to file a direct appeal, the evaluation of when a conviction is final for federal habeas purposes is based on federal law. *See Butler v. Cain*, 533 F.3d 314, 318 n.1 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

"A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has finally been denied." *See Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). After a conviction is affirmed by an intermediate court of appeals, a Texas defendant has thirty days to file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.2(a). The Fifth Circuit has held that, where a defendant has not filed a PDR within the time allowed, his conviction becomes

3

final for purposes of habeas corpus review 30 days after the appellate court's judgment was entered. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (finding that the one-year statute of limitations began to run when the 30-day period for filing a PDR in state court ended).  Where a defendant has not filed a PDR within the time allowed, his conviction becomes final when his time to do so expires because, after that time, he is "unable to pursue further direct review." *Id.* at 694; *see also Jimenez v. Dretke*, — U.S. —, 129 S. Ct. 681, 685 (2009) (internal citations omitted) (clarifying that, in determining finality for purposes of 28 U.S.C. § 2244(d)(1)(A), direct review concludes when "'the availability of direct appeal to the state courts' . . . has been exhausted").  Once the conviction becomes final, the petitioner has one year from the date the conviction becomes final to file a federal habeas petition. *See Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004).

The Fifth Circuit has recognized that the filing of an untimely appeal or application for direct review, such as a PDR, does not prevent a conviction from becoming final and has no effect for purposes of determining the statute of limitations under § 2244(d)(1)(A). *See Butler v. Cain*, 533 F.3d 314, 317-18 (5th Cir. 2008); *see also United States v. Plascencia*, 537 F.3d 385, 389 n.17 (5th Cir. 2008) (noting, in a § 2255 proceeding, that criminal defendants cannot "rescind" finality and obtain tolling of the limitations period by filing a "non-effective late notice [of appeal]"); *Riddle v.*

4

*Dretke*, 2005 WL 994751 (E.D. Tex. April 26, 2005) (unpublished) ("The date on which the highest state court actually denies an untimely application for petition of discretionary review does not impact the limitations period.") (citing *McGee v. Cain*, 104 F. App'x 989, 991-992 (5th Cir. July 28, 2004) (unpublished)).

In this case, Beck filed his PDR three days past the deadline imposed by the Texas Court of Criminal Appeals.  Based on the clear legal authorities cited above, the Court must reject Beck's contention that the AEDPA limitations period nevertheless includes the period within which he was entitled to file a petition for certiorari with the United States Supreme Court.  Beck did not timely file a PDR; therefore, he was barred from filing a writ of certiorari.  His limitations period for filing his federal habeas writ therefore began on June 15, 2007, and ended on June 15, 2008.   The pending federal habeas corpus petition filed on September 29, 2008, is late by over three months and is thus time-barred, unless Beck can show that a statutory or equitable exception applies.

### A.    Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  On May 27, 2008,  Beck filed a state habeas corpus application which the Texas Court of

Criminal Appeals denied on June 11, 2008.  This application tolls the statute of limitations period for 15 days, extending Beck's deadline to file a federal habeas corpus petition until June 30, 2008.  Even with this extension of time, Beck's federal habeas corpus petition is untimely filed.

Beck presents no other basis for statutory tolling and the record fails to disclose any.  In that regard, Beck has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(C), (D).  Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

### B.    Equitable Tolling

Beck does not offer any factual or legally viable explanation for his failure to file a timely federal habeas corpus petition and he does not argue that he is entitled to equitable tolling.  Equitable tolling is an extraordinary remedy that, if available, is only sparingly applied.  *See Irwin v. Dep't of Vet. Affairs*, 498 U.S. 89, 96 (1990).  The Fifth Circuit has opined that the AEDPA statute of limitations may be equitably tolled at the district court's discretion only "in rare and exceptional circumstances."  *Davis v.*

6

*Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).  In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  Thus, a "'garden variety claim of excusable neglect'" does not support equitable tolling. *Coleman*, 184 F.3d at 402 (quoting *Rashidi*, 96 F.3d at 128.

The Supreme Court has recently elaborated that district courts have no authority to create "equitable exceptions" to statutory time limitations.  *See Bowles v. Russell*, 551 U.S. 205,  127 S. Ct. 2360, 2366 (2007).  Assuming that the AEDPA allows it, the Supreme Court has observed, nevertheless, that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S.327; 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).   The habeas petitioner bears the burden of establishing that equitable tolling is warranted.  *See Howland v. Quarterman*, 507 F.3d 840, (5th Cir. 2007), *cert. denied*, 128 S.Ct. 2873

(2008) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)).  Beck does not meet that burden here.

Beck does not make any explicit argument that equitable tolling should apply.  Rather, he contends that, based on 28 U.S.C. § 2244(d)(1)(A), he was entitled to file his federal habeas petition within one year plus ninety days from the date of denial of his PDR (plus 15 days for the period his state habeas application was pending).  Beck's statutory argument has been addressed and rejected above.  From an equitable standpoint, the record reflects that Beck requested and was granted an extension of time until June 15, 2007, in which to file a PDR.  Beck nevertheless failed to timely comply; he filed his PDR after the extended deadline had expired.  Beck gives no explanation for his late filing and he has not demonstrated a valid basis for excusing his non-compliance with the firm AEDPA one-year statute of limitations.

Even though Beck proceeds *pro se* on federal habeas review, this Court is bound to follow Fifth Circuit authority, which is clear that a prisoner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition, and are not grounds for equitable tolling.  *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling);  *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478

8

(5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000).  However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).  Given the petitioner's apparent lack of diligence in this case, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder*, 204 F.3d at 173.  Accordingly, equitable tolling will not save his late-filed claims. The Court therefore concludes that the pending federal habeas corpus petition is barred by the applicable one-year limitations period.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See*

*Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom., Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For all of the reasons discussed above, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner stated a valid claim.  Accordingly, he is not entitled to a certificate of appealability under the governing standard found in § 2253.

## IV.  CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

1.  The petitioner's Application for a Writ of Habeas Corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

2.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 10<u>th</u> day of **July, 2009**.

10

Nancy F. Atlas
United States District Judge