IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER CLIFFORD BECK, <br> TDCJ #1339487, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-08-2963 |

## **MEMORANDUM AND ORDER**

State inmate Walter Clifford Beck (TDCJ #1339487, former TDCJ #879515) seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. The respondent has answered with a motion for summary judgment, arguing that Beck is not entitled to the relief he seeks [Doc. # 27]. Beck has filed a reply [Doc. # 29]. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion, denies the petition, and dismisses this case for reasons that follow.

**I.    BACKGROUND**

A local grand jury returned an indictment against Beck, charging him with aggravated robbery with a deadly weapon in cause number 1017950. The State enhanced that indictment for purposes of punishment with allegations that Beck had at least two prior felony

convictions for manufacture or delivery of a controlled substance in cause number 800653 and robbery causing serious bodily injury in cause number 815900. The case was tried before a jury in the 185th District Court for Harris County, Texas.

The victim (Marcellius Jordan) testified at trial that three men, one of whom was armed with a gun, robbed him at his apartment on December 26, 2004. After ransacking his apartment, the robbers took $600.00 in cash that Jordan had set aside for rent. While the robbery was taking place, someone knocked on the door to Jordan's apartment. One of the robbers opened the back door and began firing his gun into the hallway. When the person outside shot back, the robbers fled on foot. When police arrived at Jordan's apartment, they found Beck's car at the scene.

Detective Mark Newcomb — who was investigating a shooting that occurred that same day at a grocery store adjacent to Jordan's apartment — interviewed Beck after learning that he was in the hospital with gunshot wounds. Beck consented to a search of his car, where officers found a black wool stocking cap with eye holes cut out. Beck eventually admitted that, while armed with a gun, he and two other men (identified as Michael Lewis and Jonathan Young) robbed Jordan's apartment. Beck's taped confession was admitted at trial. In addition, the State presented evidence that Beck's DNA was recovered from blood stains at Jordan's apartment. The State also presented a firearm, similar to the one Beck admitted using, which police recovered from behind the grocery store, where Beck was wounded in a gun fight.

Beck, who testified on his own behalf, denied committing a robbery. Beck explained that he confessed to the robbery to "get [his family] out of harm's way" and because he needed to "get off the street." Beck explained further that he went to Jordan's apartment to buy some marijuana. Beck added that Jordan was a drug dealer who lived in a "drug-infested" part of town. Beck stated that, while he was buying the marijuana, two men armed with a semiautomatic weapon entered the apartment and began to rob the place. Beck was shot in the upper thigh during the robbery. Beck testified that, after he was shot in the leg at Jordan's apartment, he escaped and ran to the back entrance of the nearby grocery store, where he happened to encounter his friend, Michael Lewis. At the store, Beck was shot in the stomach by some unidentified men who were driving a black Escalade.

After deliberating for less than 40 minutes, the jury found Beck guilty as charged of aggravated robbery. During the punishment phase of the trial, Beck conceded that he had a prior felony conviction for manufacture or delivery of a controlled substance, namely, cocaine. The State presented additional evidence showing that Beck also had a prior felony convictions for robbery, possession of marijuana, unlawfully carrying a weapon, and evading arrest. The jury sentenced Beck to 65 years' imprisonment.

On direct appeal, Beck argued that the trial court erred by admitting his confession, which he claimed was involuntary, and that the evidence was insufficient to support his conviction. An intermediate court of appeals rejected all of Beck's arguments in an unpublished opinion. *See Beck v. State*, No. 01-05-01131-CR, 2007 WL 766041 (Tex. App.

— Houston [1st Dist.] March 15, 2007). Thereafter, the Texas Court of Criminal Appeals refused Beck's petition for discretionary review.

Beck attempted to challenge his conviction by filing a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. In that application, Beck argued that the trial court erred by admitting his confession into evidence because his arrest was illegal. The state habeas corpus court, which also presided over the trial, found that Beck's claims were barred from collateral review and recommended that the application be denied. The Texas Court of Criminal Appeals agreed and denied Beck's application, without a written order or a hearing, based on the trial court's findings. *See Ex parte Beck*, No. 69,977-01 (Tex. Crim. App. June 11, 2008).

Beck, who remains in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"), now challenges his conviction under 28 U.S.C. § 2254. Here, Beck complains that his confession was improperly admitted at trial, in violation of the Fourth Amendment, because it was the product of an illegal arrest. In that respect, Beck insists that his arrest was not based on adequate cause and that the trial court erred by failing grant a mistrial on this basis. Beck complains further that his conviction was not supported by sufficient evidence. The respondent has filed a motion for summary judgment, arguing that Beck is not entitled to relief. The parties' contentions are discussed further below under the governing federal habeas corpus standard of review.

**II.    STANDARD OF REVIEW**

The respondent has filed a motion for summary judgment asking this Court to deny relief and dismiss the petition. Motions for summary judgment are typically governed by Rule 56 of the Federal Rules of Civil Procedure. In this instance, the respondent's summary-judgment motion must be determined in compliance with the federal habeas corpus statutes. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002); *see also Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Federal habeas corpus proceedings filed after April 24, 1996 are governed by provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). To the extent that the petitioner's claims were "adjudicated on the merits" in state court, the AEDPA standard found at 28 U.S.C. § 2254(d) applies.[1]

Claims presenting pure questions of law and mixed questions of law and fact are governed by 28 U.S.C. § 2254(d)(1), which precludes habeas relief unless a petitioner demonstrates that the state court's decision to deny a claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court

---

[1] In addition, pre-AEDPA precedent forecloses habeas corpus relief if any of the following circumstances are present: (1) the claim is barred as a consequence of the petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) the claim seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005). Under this standard, an unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409.

The Supreme Court has clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398 (2011). Additional limitations on federal review apply. A state court's findings of fact are presumed to be correct on federal habeas review, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). Where pure questions of fact are concerned, a petitioner is not entitled to relief unless he demonstrates that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *see also Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008).

As this deferential standard reflects, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas

6

'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (quotation omitted). In that respect, the AEDPA standard "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court proceedings." *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786 (2011). The Supreme Court has underscored the extent of this deferential standard:

> [28 U.S.C. § 2254(d)] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n.5, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. at 786-87. The deferential AEDPA standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision. *See Early v. Packer*, 537 U.S. 3, 7 (2002); *see also Richter*, — U.S. —, 131 S. Ct. at 785 (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'"). Thus, a federal habeas corpus court's inquiry is not altered where the state court denies relief without a written opinion. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003). The petitioner's claims are examined below under the applicable legal standard.

**III.    DISCUSSION**

### A. Beck's Arrest and Confession

Beck complains that the trial court erred by admitting his confession because it was based on an arrest that lacked probable cause. The respondent notes that the state habeas corpus court found that this claim was procedurally barred from review because Beck did not raise this allegation on direct appeal, where Beck complained only that his confession was involuntarily made or coerced by law enforcement. In particular, the state habeas corpus court concluded that Beck was "procedurally barred from raising the claim that his conviction was obtained with evidence that was gained pursuant to an unlawful search and seizure and an unlawful arrest since these are 'record claims' that were not raised on direct appeal." *Ex parte Beck*, No. 69,977-01 at 41 (citing *Ex parte Townsend*, 37 S.W.3d 79, 81 (Tex. Crim. App. 2004)).

Beck concedes that he failed to raise his claim properly on direct appeal and he does not dispute that this failure constitutes a procedural default [Doc. # 29]. Where a petitioner has procedurally defaulted a claim in state court, habeas corpus review is available only if he can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Beck does not attempt to show that the fundamental-miscarriage-of-justice exception applies in this case. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004). Likewise, Beck does not attempt to show cause for his default; nor does he establish actual prejudice under the circumstances of this case. Absent a showing of cause and actual prejudice, Beck's claim concerning the

validity of his arrest and the admissibility of his confession is barred by the doctrine of procedural default. *See Coleman*, 501 U.S. at 750.

The respondent argues in the alternative that, even if not barred by the doctrine of procedural default, Beck's claims are precluded from collateral review nonetheless because Beck had more than one opportunity to litigate these issues in state court. The respondent argues, therefore, that federal habeas corpus review is also precluded by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976).

In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494. The Fifth Circuit has since interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity." *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (citing *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a [F]ourth [A]mendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Janecka*, 301 F.3d at 320.

Texas affords a process for criminal defendants to file a pretrial motion to suppress under Article 28.01 of the Texas Code of Criminal Procedure, which includes oral and written statements obtained by law enforcement in violation of state or federal law. *See* TEX. CODE CRIM. PROC. arts. 38.22, 38.23. The record confirms that Beck filed a written motion

to suppress his confession. *See Clerk's Record*, at 35-36. The trial court denied that motion following a lengthy hearing. *See Court Reporter's Record*, vols. 2, 5-6. Beck also challenged the admissibility of his confession on direct appeal. *See Beck v. State*, No. 01-05-01131-CR, 2007 WL 766041 (Tex. App. — Houston [1st Dist.] March 15, 2007, pet. ref'd). This review is sufficient to trigger the *Stone* bar. *See Janecka*, 301 F.3d at 320; *see also Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) ("absent a showing that . . . Texas courts systematically and erroneously apply the state procedural bar rule to prevent adjudication of Fourth Amendment claims," the *Stone* bar obtains). In other words, because Beck had ample opportunity to challenge his arrest and the admissibility of his confession in state court, his claims are precluded from federal habeas review. Because review is barred, the respondent is entitled to summary judgment on this issue.[2]

### B. Sufficiency of the Evidence

Beck contends that there was no evidence showing that he participated as a principal or a party to the aggravated robbery of Marcellius Jordan's apartment. Beck claims, in particular, that the State failed to show that he "ever obtained or maintained control of, or attempted to obtain or maintain control over, property belonging to the complainant." [Doc.

---

[2] Even if not barred, Beck does not establish that his arrest was invalid for lack of probable cause. In that respect, the record contains a complaint, which contains a sworn statement of probable cause, and which was executed by an Assistant District Attorney on February 24, 2005. *See Clerk's Record*, at 2. Beck was arrested on March 4, 2005, pursuant to a warrant issued by a Harris County magistrate. *See Court Reporter's Record*, vol. 6, at 23-24. Beck had a hearing before a magistrate on March 5, 2005, who found probable cause for further detention. *See Clerk's Record*, at 3. Beck does not demonstrate that probable cause was lacking or that his arrest was patently invalid. For this alternative reason, his claim is without merit.

# 1, at 4]. Beck argues, therefore, that the evidence was factually and legally insufficient to support of his conviction.

To the extent that Beck challenges the factual sufficiency of the evidence in support of the jury's verdict against him, he fails to articulate a valid claim. Importantly, challenges to the factual sufficiency are not cognizable on federal habeas corpus review. A federal habeas corpus court reviewing a petition under 28 U.S.C. § 2254 asks only whether a constitutional violation infected the petitioner's state trial. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). The Texas factual-sufficiency standard of review is based on state law. *See Clewis v. State*, 922 S.W.2d 126, 131-34 (Tex. Crim. App. 1996). A federal habeas court does not sit as a super state supreme court for review of issues decided by state courts on state law grounds. *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986). On federal habeas corpus review, the evidentiary sufficiency of a state court conviction is governed by the legal-sufficiency analysis set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), which reflects the federal constitutional due process standard. *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002); *see also West v. Johnson*, 92 F.3d 1385, 1394 (5th Cir. 1996) (explaining that, "in challenges to state convictions under 28 U.S.C. § 2254, only *Jackson* [*v. Virginia*] need be satisfied, even if state law would impose a more demanding standard of proof") (quotation and citations omitted). Because a challenge to the factual sufficiency of the evidence does not implicate a constitutional issue, federal habeas corpus review is unavailable for this type of claim.

Beck also challenges the legal sufficiency of the evidence. As noted above, on federal habeas corpus review of a state court conviction this inquiry is governed by *Jackson v. Virginia*, 443 U.S. 307 (1979), which reflects the federal constitutional due process standard. *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). This standard requires only that a reviewing court determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. In conducting that review, a federal habeas corpus court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the verdict. *See Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995).

The record reflects that Beck raised a similar challenge to the sufficiency of the evidence on direct appeal. The court of appeals rejected all of Beck's arguments and found that there was more than sufficient evidence to support a conviction for aggravated robbery:

> In points of error two, three, four, and five, [Beck] challenges the legal and factual sufficiency of the evidence to show that he — either as a principal (points two and three) or as a party (points four and five) — ever obtained or maintained control of the $600.00 in rent money that was taken from the victim's apartment. [Beck] specifically claims that the evidence is insufficient because there was no evidence at trial that the $600.00 was owned by the victim, as opposed to the other people living in the apartment who contributed to the rent. The standard for reviewing the legal sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). The standard for reviewing the factual sufficiency of the evidence is whether, after considering all of the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006).

> The definition of the offense of robbery incorporates the elements of theft. *See* TEX. PEN. CODE ANN. § 29.02(a) (Vernon 2003). A person commits theft if he "unlawfully appropriates property with intent to deprive the owner of property." TEX. PEN. CODE ANN. § 31.03(a) (Vernon Supp. 2006). The Penal Code defines "owner" to mean a person who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." TEX. PEN. CODE ANN. § 1.07(a)(35) (Vernon Supp. 2006). The victim testified at trial that the stolen $600.00 was in the top drawer of a bedroom dresser in his apartment. No contrary evidence was admitted. The victim's testimony is evidence that is both legally and factually sufficient to show the victim had a greater right to possession to the $600.00 than [Beck], thus establishing the victim as the owner of the $600.00. Accordingly, we overrule points of error two, three, four, and five.

*Beck v. State*, No. 01-05-01131-CR, 2007 WL 766041, *2 (Tex. App. — Houston [1st Dist.] March 15, 2007, pet. ref'd).

Where, as here, a state appellate court has reviewed the sufficiency of the evidence, that court's opinion is entitled to "great weight." *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985) (citing *Jackson*, 443 U.S. at 310, n. 15); *see also Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993) ("Where a state appellate court has conducted a thoughtful review of the evidence . . . its determination is entitled to great deference"). As indicated above, the AEDPA presumes the correctness of state court findings of fact, and places a "clear and convincing" burden on the petitioner who attempts to rebut that presumption. 28 U.S.C. § 2254(e)(1); *see also Sumner v. Mata*, 455 U.S. 591, 597 (1982) (holding that findings by a state appellate court are entitled to the same deference owed to findings by trial courts). Beck has not attempted to rebut any of the fact findings and, therefore, the state court's findings are presumed correct for purposes of federal habeas corpus review.

In this instance, Beck appears to contend that the victim's testimony was insufficient to prove that he committed the offense. Likewise, Beck also attempts to claim that there was insufficient evidence to show that he intended to commit theft "before or as he assaulted the victim." [Doc. # 29, at 10]. To the extent that Beck asks this Court to re-weigh the evidence and decide if the jury's decision was correct, this type of inquiry is "beyond the scope of review" permitted under the *Jackson v. Virginia* standard. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995) (discussing the standard for challenges to the legal sufficiency of the evidence under *Jackson v. Virginia*, 443 U.S. 307 (1979)). As set forth above, the evidence is sufficient under the *Jackson* standard, if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Under this standard, "[a]ll credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) (citation omitted).

Based on its own review of the record, which includes Beck's confession, this Court concludes that a rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. Beck fails to show that the jury's verdict lacked sufficient evidence or that the state court unreasonably applied the *Jackson v. Virginia* standard. Because Beck does not demonstrate that relief is warranted under the governing federal habeas corpus standard of review, the respondent is entitled to summary judgment on this claim.

## IV.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that reasonable jurists would not debate whether the petition should have been resolved in a different manner. Likewise, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

**V.    CONCLUSION AND ORDER**

Based on the foregoing, the court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 27] is **GRANTED**.

2. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on June 9, 2011.

Nancy F. Atlas
United States District Judge